NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Philip SELDON, et al.,

        Plaintiffs,

v.

REBENACK, ARONOW & MASCOLO, LLP, et al.,

        Defendants.

Civ. No. 12-5283

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon the Motion to Dismiss for Failure to Provide an Affidavit of Merit filed by Defendants Jay Mascolo and Rebenack, Aronow & Mascolo, LLP ("Defendants"). (Docket Entry No. 10). Plaintiffs oppose the motion. (Docket Entry No. 14). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, Defendant's Motion to Dismiss for Failure to Provide an Affidavit of Merit is granted.

## II. BACKGROUND

This case arises out of Defendants' representation of Plaintiffs in two other civil actions. (Compl., Docket Entry No. 1). Plaintiffs filed a complaint on August 22, 2012, seeking compensatory and punitive damages for negligent representation and fraudulent misrepresentation. (*Id.*). On September 13, 2012, Defendants filed their answer. (Docket Entry No. 3).

1

According to Plaintiffs, an affidavit of merit was placed in the mail to Defendants on October 22, 2012.  (Docket Entry No. 14, Ex. B).  Defendants claim the affidavit of merit was not received.[1]  (Docket Entry No. 10).  According to Plaintiffs, the affidavit of merit may not have been delivered because they "inadvertently put only one stamp on the envelope when the weight of its contents exceed one ounce by a fraction of an ounce thus making the postage on the envelope ever so slightly inadequate."  (Docket Entry No. 14 at ¶ 3).  Defendants now move to have the complaint dismissed for failure to provide an affidavit of merit.  (Docket Entry No. 10).

IV.  ANALYSIS

Under New Jersey law,

> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. 2A:53A-27.  The court may grant one 60 day extension.  *Id*.  If a plaintiff fails to file the affidavit within 120 days of the filing of the answer, the complaint will be dismissed with prejudice unless extraordinary circumstances prevented the filing.  *Palanque v. Lambert-Woolley*, 168 N.J. 398, 404 (2001) (citing *Cornblatt v. Barow*, 153 N.J. 218, 247 (1998)); *Burns v. Belafsky*, 166 N.J. 466, 470-71 (2001).

Although an affidavit of merit was placed in the mail, Defendants are correct that Plaintiffs failed to serve the affidavit of merit.  "Service of notice by mail . . . is deemed complete when deposited in the post office, properly addressed and with the proper amount of postage."  *Amodio v. Civil Serv. Comm'n of Dep't of Civil Serv.*, 81 N.J. Super. 22, 27 (N.J.

---

[1] Defendants evidently obtained a copy of the affidavit of merit after the motion to dismiss was filed.  (*See* Docket Entry No. 13).

Super. Ct. App. Div. 1963).  Here, Plaintiff concedes that though he deposited the affidavit of merit in the post office, he did not affix the proper amount of postage.  Therefore, the affidavit of merit was not served within 120 days as required by statute.

Furthermore, Plaintiffs' failure to serve the affidavit of merit is not saved by either the exception for extraordinary circumstances or the doctrine of substantial compliance.  First, "[w]hat constitutes an 'extraordinary circumstance' will require a fact-intensive analysis." *Barreiro v. Morais*, 318 N.J. Super. 461, 471 (N.J. Super. App. Div. 1999).  "Carelessness, lack of circumspection, or lack of diligence on the part of counsel are not extraordinary circumstances which will excuse missing a filing deadline."  *Palanque*, 168 N.J. at 404 (citing *Burns*, 326 N.J. Super. at 270).  Therefore, Plaintiffs' failure to failure to file the affidavit of merit due to an inadvertent error in affixing postage does not constitute an extraordinary circumstance that precludes dismissing the complaint.

Second, the doctrine of substantial compliance is used by courts to avoid technical defeats of valid claims.  *See Barreiro*, 318 N.J. Super. at 472) (rejecting the contention that "the expiration of the 120 days is a bright line beyond which extraordinary circumstances cannot apply" because to so hold "would provide malpractice defendants who are aware of the statute . . . with the ability to use the statute improperly as a sword).  However, to substantially comply with this statute, the plaintiff must have placed the defendant on notice of the affidavit of merit.  *Palanque*, 168 N.J. at 405-06.  For example, substantial compliance with the affidavit of merit statute has been found when the plaintiff served unsworn expert reports on the defendants eight months prior to litigation.  *Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341, 353 (2001).  Substantial compliance was also found where the defendant was served with an affidavit of merit that did not name him but discussed his role in the alleged malpractice.  *Fink v. Thompson*, 167

N.J. 551, 558 (2001).  In contrast, a plaintiff has not complied with the affidavit of merit statute where he took all of the steps necessary to obtain an affidavit of merit but failed to actually deliver it to the defendant.  *Palanque*, 168 N.J. at 405-06.  Where, as here, Plaintiffs appear to have taken the necessary steps to obtain an affidavit of merit but, due to inadvertence, failed to have it delivered, Defendants were not put on notice of the affidavit of merit, and thus, Plaintiffs have not substantially complied with the statute.

Under New Jersey law, failure to provide an affidavit of merit constitutes a failure to state a cause of action.  N.J.S.A. 2A:53A-29.  As such, failure to provide an affidavit of merit mandates dismissal of the case with prejudice.  *Cornblatt*, 153 N.J. at 247.  Thus, Plaintiffs' failure to provide an affidavit of merit to Defendants within 120 days of the filing of the answer requires that the Court dismiss Plaintiffs' claims with prejudice.

Finally, the Court notes that Defendants also challenge the sufficiency of the affidavit of merit.  (Docket Entry No. 13 at 7-9).  This argument was raised for the first time, however, in Defendants' reply brief, prompting Plaintiffs to seek leave to file a sur-reply.  (Docket Entry No. 15).  As the Court does not reach this argument, Plaintiffs' request for leave to file a sur-reply, is denied.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to Provide an Affidavit of Merit is granted.  An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: February 15, 2013

4