NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| Philip SELDON, et al., | |
| Plaintiffs, | Civ. No. 12-5283 |
| v. | OPINION |
| REBENACK, ARONOW & MASCOLO, LLP, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

## I.  INTRODUCTION

This matter has come before the Court on the Motion for Reconsideration filed by Plaintiffs Philip Seldon ("Seldon"), Magazine Emporium, Inc., Silence is Golden Foundation, Inc., and Birddog Associates Inc. ("Plaintiffs") on March 11, 2013.[1] (Docket Entry No. 20). Defendants Rebenack, Aronow & Mascolo, LLP and Jay Mascolo ("Defendants") oppose the motion. (Docket Entry No. 23). The Court has decided the motion after considering the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiffs' motion is denied.

## II.  BACKGROUND

For the purposes of this motion, the Court assumes the parties' familiarity with the underlying facts of the case and briefly recites those facts relevant to the Court's analysis. This

---

[1] Although Plaintiffs refer to their motion as a "Motion to Reopen, Reargue and Renew to Vacate the Dismissal of this Action," the Court interprets it to be a motion for reconsideration and treats it as such.

case arises out of Defendants' representation of Plaintiffs in two other civil lawsuits. (Compl., Docket Entry No. 1). Plaintiffs filed a complaint ("Complaint") on August 22, 2012, seeking compensatory and punitive damages for negligent representation and fraudulent misrepresentation. (*Id*.). On September 13, 2012, Defendants filed an answer. (Docket Entry No. 3).

On January 15, 2013, Defendants moved to dismiss the Complaint for failure to provide an affidavit of merit. (Docket Entry No. 10). In a memorandum opposing the motion, Plaintiffs explained that "[t]he reason why the defendants did not receive the Affidavit of Merit may be that when preparing the envelope it was to be mailed in . . ., [Seldon] inadvertently put only one stamp on the envelope when the weight of its contents exceed one ounce by a fraction of an ounce thus making the postage on the envelope ever so slightly inadequate." (Docket Entry No. 14 at ¶ 3). Plaintiffs also argued that they should have been advised that Defendants had not received the affidavit of merit when Seldon called the office of Defendants' attorney on January 8, 2013 and asked Carol Sibilia ("Sibilia"), an assistant to Defendants' attorney, whether there were "any outstanding matters." (*Id*. at ¶ 1).

On February 19, 2013, the Court granted Defendants' Motion to Dismiss for Failure to Provide an Affidavit of Merit. (Docket Entry Nos. 16, 17). The Court reasoned that Plaintiffs, having conceded that Defendants did not receive the affidavit of merit because Plaintiffs had not affixed the proper amount of postage, had not served an affidavit of merit within 120 days as required by statute. (Docket Entry No. 16 at 3). Furthermore, Plaintiffs' failure to serve the affidavit of merit was excused by neither the "extraordinary circumstances" or "substantial compliance" exceptions. (*Id*.). In discussing the extraordinary circumstances exception, the Court held that "an inadvertent error in affixing postage does not constitute an extraordinary

circumstance that precludes dismissing the complaint." (*Id*.). Plaintiffs now move for reconsideration of the Court's decision. (Docket Entry No. 20).

### III.     STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted very sparingly." *See* L. CIV. R. 7.1(I) cmt.6(d) (internal quotations omitted); *Church & Dwight Co., Inc. v. Abbott Labs.*, 545 F. Supp. 2d 447, 449 (D.N.J. 2008) ("The standard for reconsideration is high and reconsideration is to be granted only sparingly."). A proper motion for reconsideration "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations and citations omitted).

Motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers," nor are such motions "an opportunity for the parties to avail themselves of additional briefing." *Bowers v. Nat'l Collegiate Athletic Ass'n Act, Inc.*, 130 F. Supp. 2d 610, 613 (D.N.J. Feb. 2, 2001). In other words, such motions "should not provide the parties an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. June 29, 1998).

### IV.     ANALYSIS

Under New Jersey law,

> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject

3

>of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. 2A:53A-27.  The court may grant one 60 day extension.  *Id*.  If a plaintiff fails to provide each Defendant with an affidavit of merit within 120 days of the filing of the answer, the complaint will be dismissed with prejudice unless an exception, such as the "extraordinary circumstances" exception, applies.  *Palanque v. Lambert-Woolley*, 168 N.J. 398, 404 (2001) (citing *Cornblatt v. Barow*, 153 N.J. 218, 247 (1998)); *Burns v. Belafsky*, 166 N.J. 466, 470-71 (2001).

The extraordinary circumstances exception excuses a plaintiff's failure to serve an affidavit of merit when extraordinary circumstances prevented service.  *Barreiro v. Morais*, 318 N.J. Super. 461, 471 (N.J. Super. App. Div. 1999).  "What constitutes an 'extraordinary circumstance' will require a fact-intensive analysis."  *Barreiro v. Morais*, 318 N.J. Super. 461, 471 (N.J. Super. App. Div. 1999).  "Carelessness, lack of circumspection, or lack of diligence on the part of counsel are not extraordinary circumstances which will excuse missing a filing deadline."  *Palanque*, 168 N.J. at 404 (citing *Burns*, 326 N.J. Super. at 270).

In this case, Plaintiffs essentially make two arguments.  First, Plaintiffs argue that they did in fact fulfill their statutory responsibility of serving the affidavit of merit.  Plaintiffs explain that, though they conceded in their briefing on the motion to dismiss that they used insufficient postage when attempting to serve the affidavit of merit, Plaintiffs then conducted "test mailings" and discovered that the postage was in fact sufficient. (Docket Entry No. 20 at ¶ 3).  Plaintiffs contend that they, therefore, "misspoke" when they advised the Court that the postage was inadequate and ask the Court to reconsider its previous decision in light of this new evidence. (*Id.*).

4

In making this argument, Plaintiffs have failed to meet their high burden of demonstrating that one of the three grounds for reconsideration is satisfied. The Court notes that Plaintiffs had ample opportunity to explore whether the postage used to mail the affidavit of merit was adequate prior to responding to Defendants' motion to dismiss.[2] This can hardly be said to constitute new evidence not previously available to Plaintiffs, particularly as Plaintiffs bear the burden of establishing that the evidence was previously unavailable. *Menke v. Baker*, No. 10-2585, 2012 WL 3146876, at *3 (D.N.J. Aug. 1, 2012) (explaining that "'new evidence' does not refer to evidence that a party obtains . . . after an adverse ruling" because the "key feature of 'new evidence' is that the party could not have submitted the evidence earlier because it was unavailable"); *Ukawabutu v. Cathel*, No. 06-837, 2008 WL 4307450, at *2 (D.N.J. Sept. 16, 2008) ("A party seeking to introduce new evidence bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing."). As such, the Court finds that Plaintiffs' argument concerning postage does not satisfy any of the three grounds for a motion for reconsideration.

Plaintiffs' second argument concerns the Court's analysis of the extraordinary circumstances exception. (*Id*. at ¶ 6). Specifically, Plaintiffs argue that the Court, in addressing only whether the failure to properly apply postage constitutes an exceptional circumstance, failed to consider Plaintiffs' argument that Sibilia, in failing to inform Plaintiffs that the affidavit of merit was outstanding, provided "misinformation" that excuses Plaintiffs' failure to serve the affidavit of merit. (*Id.*). As such, Plaintiffs appear to argue that reconsideration is necessary to prevent manifest injustice.

---

[2] Plaintiffs not only received an extension of time to respond to Defendants' motion to dismiss, (*see* Docket Entry No. 12), but also apparently admitted as early as January 26, 2013 that insufficient postage was the reason Defendants had not received the affidavit of merit. (Docket Entry No. 10, Ex. 4). As such, Plaintiffs were aware of the issue more than two weeks before they filed their opposition memorandum on February 11, 2013, in which Plaintiffs stated they had used insufficient postage when mailing the affidavit of merit.

This argument is similarly unavailing. First, the Court notes that when Plaintiffs contacted Sibilia, they did not specifically inquire as to whether Defendants had received the affidavit of merit.[3] Instead, they merely asked Defendants whether there were any outstanding issues in the case, and according to Plaintiffs, Sibilia responded that there were none.[4] Therefore, this is not an instance in which Plaintiffs claim that Defendants' counsel informed them that they had received the affidavit of merit when, in fact, they had not.

Instead, Plaintiffs apparently contend that Seldon's general inquiry into "outstanding matters" created an obligation for his adversaries' attorney to inform him of the approaching affidavit of merit deadline and the fact that no such affidavit of merit had been received. Defendants' counsel owed Plaintiffs no such duty, however. *Conservative Club of Washington v. Finkelstein*, 738 F. Supp. 6, 9 (D.D.C. May 18, 1990) ("[A]n attorney owes no duty to opposing counsel or an adverse party."). In litigating their case, Plaintiffs, although not represented by counsel, are obligated to comply with the Federal Rules of Civil Procedure and any other statutory obligations, including the requirement that an affidavit of merit be served within 120 days. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Sykes v. Blockbuster Video*, No. 06-1745, 2006 WL 3314518, at *2 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure). To hold otherwise would impose a duty on Defendants' counsel to assist Plaintiffs in litigating their case.

---

[3] In Plaintiffs' own words, Seldon call Defendants' counsel on January 8, 2013 "to determine if everything was in order with this case." (Docket Entry No. 20, Attach. 1 at ¶ 5). He asked Sibilia, an assistant, "if there were any pending depositions" and "[s]he told [Seldon] there were none." (*Id.*). He then "asked her if there were any outstanding matters and she similarly told [him] that there were none." (*Id.*). Plaintiffs contend that "[t]his was her mistake and she is to blame for this" as "she should have checked with [Defendants' attorney]" and informed them that the affidavit of merit had not been received. (*Id.*).

[4] The Court notes that the deadline for Plaintiffs to serve an affidavit of merit – January 14, 2013 – had not passed when Seldon contacted Defendants' counsel on January 8, 2013. (*See* Docket Entry No. 20, Attach. 1).

Finally, Plaintiffs devote a substantial portion of their brief to describing Seldon's litigation history. (Docket Entry No. 20, Attach. 1 at ¶¶ 7-11). Plaintiffs apparently felt it necessary to defend against Defendants' portrayal of Seldon as a serial litigator, which Plaintiffs contend was intended "to prejudice the court." (*See id.*). Finding Seldon's prior litigation experience irrelevant to this matter, the Court does not consider or address any argument Plaintiffs may have made concerning Seldon's other lawsuits.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration, (Docket Entry No. 20), is denied. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: April 29, 2013